**RYDER ENERGY DISTRIBUTION CORPORATION,**
Plaintiff–Appellant,

v.

**MERRILL LYNCH COMMODITIES, INC., Defendant–Appellee.**

**No. 437, Docket 88–7648.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 13, 1988.
Decided Jan. 10, 1989.

Richard A. Miller, New York City (Vincent J. Syracuse, Yolanda S. Kanes, Newman Tannenbaum Helpern Syracuse & Hir-

schritt, New York City, of counsel), for plaintiff-appellant.

Roger A. Clark, Washington, D.C. (Rita McCloy Stephanz, Rogers & Wells, Washington, D.C., of counsel), for defendant-appellee.

Before VAN GRAAFEILAND, MESKILL and MINER, Circuit Judges.

PER CURIAM:

The business transaction that underlies this appeal, along with the relevant details of the mechanics of commodity futures trading, are set out in our prior decision in this case, *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774 (2d Cir.1984) (*REDCO I*), and will not be repeated here. In the exchange of futures for physical (EFP) at issue here, Merrill Lynch Commodities, Inc. (Merrill), acting as futures commission merchant (FCM) for Two Oil, Inc. (TOI), erroneously certified to the New York Mercantile Exchange (NYME) that TOI owned and possessed the transferred 87,000 barrels of oil at the time of the EFP. In *REDCO I,* we found that by doing so without even asking TOI if it had the oil, Merrill breached a limited duty of inquiry imposed on it under the rules of the NYME as a seller's FCM. We further held that the duty extended to the buyer in the transaction, Ryder Energy Distribution Corp. (REDCO). We therefore reversed the district court's Fed.R.Civ.P. 12(b)(6) dismissal of REDCO's complaint against Merrill and remanded to the district court for further proceedings.

In *REDCO I,* we recognized that lack of causation might prove to be fatal to REDCO's claim against Merrill. Nevertheless, we left the issue of causation to the district court as we felt that a 12(b)(6) motion was not the proper vehicle to resolve the issue. *See REDCO I,* 748 F.2d at 782–83 & n. 6. On remand and following "extensive pretrial discovery [that] generated the testimony of every witness, and the production of every document, that one could reasonably expect to encounter at trial," *see Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 684 F.Supp. 27, 30 (S.D.N.Y.1988), the district court thoroughly reviewed the record and concluded that "no reasonable jury could find a causal connection between Merrill's failure to inquire of TOI and REDCO's loss," *id.,* 684 F.Supp. at 35. The court granted Merrill's summary judgment motion on that basis. *See id.,* 684 F.Supp. at 35 & n. 10.

When Merrill moved for summary judgment on the ground that REDCO's evidence of causation was insufficient as a matter of law to support liability for breach of the duty we recognized in *REDCO I,* the burden shifted to REDCO to come forward with persuasive evidence that its claim of causation was not "implausible." *See Brady v. Town of Colchester,* 863 F.2d 205, 211 (2d Cir.1988) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). We hold that the district court, in evaluating the sufficiency of REDCO's evidence of causation, exhibited the required caution, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Brady,* 863 F.2d at 211, and we are in agreement with the court's conclusion that REDCO's causation theory was implausible. We therefore affirm the judgment of the district court substantially for the reasons given by Judge Haight in his opinion. *See* 684 F.Supp. 27.[1]

---

1. Because there is no plausible basis for finding that Merrill's failure to inquire in any way caused REDCO's loss, we need not decide what showing of causation would be sufficient to justify liability based on breach of the limited duty of inquiry we recognized in *REDCO I.* We note, however, that in addressing Merrill's argument on this question, the district court misread our decision in *Bennett v. United States Trust Co. of New York,* 770 F.2d 308, 313–14 (2d Cir.1985), *cert. denied,* 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986). In *Bennett,* we found that the facts established at most "transaction causation" but failed to show "loss causation," not vice versa.